FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 07 2004

at 3 o'clock and ___ min
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

VERNON LEE ROBERTS,                )    Civ. No. 03-00586
                                   )    Cr. No. 98-00412
          Plaintiff,               )
                                   )
     vs.                           )    ORDER DENYING PETITION FILED
                                   )    UNDER 28 U.S.C. § 2255
UNITED STATES OF AMERICA,          )
                                   )
          Defendant.               )
_____)

ORDER DENYING PETITION FILED UNDER 28 U.S.C. § 2255

I.        INTRODUCTION.

          Plaintiff Vernon Lee Roberts moves to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He

alleges ineffective assistance of counsel based on his counsel's

conflict of interest in the case and failure to raise certain

arguments.  This court DENIES Roberts's petition without a

hearing because "the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief."

See 28 U.S.C. § 2255.

II.       BACKGROUND FACTS.

          On July 9, 1998, Roberts was charged with possession

with intent to distribute in excess of 100 grams of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  On

January 26, 1999, this court denied his motion to suppress

evidence.  On March 5, 1999, Roberts entered a conditional guilty

plea, reserving the right to appeal the denial of his motion to suppress.

On June 5, 2002, the Ninth Circuit affirmed this court's ruling on the motion to suppress. On August 1, 2002, the Ninth Circuit denied a petition for rehearing. On October 27, 2003, this court received Roberts's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Roberts signed the petition on October 21, 2003, and the petition was postmarked October 23, 2003.

Roberts was initially represented in the underlying criminal case by H. Russell Halpern, who was admitted pro hac vice, and David Klein, as local counsel. Pet. at 6. Halpern told Roberts that he had a conflict in the case because he had previously represented the individual who was paying defense fees and costs incurred by Roberts. Ex. F. Roberts signed a waiver of this conflict. Id. The waiver document outlined in detail Halpern's conflict. When Roberts pled guilty, he expressly stated that he was fully satisfied with the representation he received. Ex. D at 5. When Roberts was sentenced, Klein appeared at the hearing without Halpern. Ex. E at 7.

III.    STANDARD OF REVIEW.

A prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was

without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. A federal prisoner must file a § 2255 petition within one year of "the date on which the judgment of conviction becomes final." Id.

To prove a violation of the Sixth Amendment right to conflict-free counsel, a defendant who did not previously object to the conflict "must demonstrate that an actual conflict adversely affected his lawyer's performance." United States v. Mett, 65 F.3d 1531, 1534 (9th Cir. 1995) (citing Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). Although the adverse effect prong does not require actual prejudice, "it remains a substantial hurdle." Id. at 1534-35 (citing Maiden v. Bunell, 35 F.3d 477, 481 (9th Cir. 1994)). To establish that a conflict adversely affected counsel's performance, Roberts must show "that some effect on counsel's handling of particular aspects of the trial was 'likely.'" See id. at 1335 (citing United States v. Miskinis, 966 F.2d 1263, 1268 (9th Cir. 1992)).

A criminal defendant may waive an attorney's conflict if "the defendant makes a voluntary, knowing, and intelligent waiver." Garcia v. Bunell, 33 F.3d 1193, 1195 (9th Cir. 1994). Whether a waiver is valid depends upon the "particular facts and circumstances surrounding that case, including the background,

experience, and conduct of the accused." United States v. Martinez, 143 F.3d 1266, 1269 (9th Cir. 1998) (citing Edwards v. Arizona, 451 U.S. 447, 482 (1981)).  The court must "indulge every reasonable presumption against the waiver of fundamental rights." United States v. Allen, 831 F.2d 1487, 1498 (9th Cir. 1987) (citation omitted).

To demonstrate ineffective assistance of counsel not based on a conflict of interest, a defendant must show both that counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988).  A claim of ineffective assistance must identify counsel's acts or omissions that were allegedly not the result of reasonable professional judgment.  The court must then determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  There is "a strong presumption" that the attorney's conduct was reasonable and did not fall below "an objective standard of reasonableness" under "prevailing professional norms." Strickland, 466 U.S. at 688.

Even if a defendant overcomes the presumption of effectiveness, he must still demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the

4

result of the proceeding would have been different." Id. at 694.
Because "[i]t is all too tempting for a defendant to second-guess
counsel's assistance after conviction," judicial scrutiny of
counsel's performance is highly deferential. Id. at 689.

IV.    ANALYSIS.

A.    This Petition is Not Time-Barred.

The Government contends that the present petition is
time-barred because it was received by this court on October 27,
2003, more than one year after August 1, 2002, the date the Ninth
Circuit denied the motion for reconsideration of its decision
affirming this court's denial of the motion to suppress. Opp. at
7.[1] In support of its contention, the Government cites United
States v. Garcia, 210 F.3d 1058 (9th Circuit 2000). The
Government misreads Garcia. Garcia clearly stands for the
proposition that the one-year limitation begins, not from the
date the appeals court affirms a judgment, but rather ninety days
later, when the time for filing a petition for a writ of
certiorari expires. Id. at 1060. Moreover, the Supreme Court

---

[1] The date the petition was received, October 27, 2003, is
not the relevant date for statute of limitations purposes. The
prisoner mailbox rule states that a petition is deemed filed the
moment the prisoner delivers the motion to prison officials. See
Houston v. Lack, 487 U.S. 266, 276 (1988). It is unclear when
Roberts delivered his petition to prison officials, but the
postmark of October 23, 2003, establishes that, at the latest,
prison officials received the petition on that date. However, in
the present case, the distinction between October 23 and October
27 is immaterial.

has recently agreed with <u>Garcia</u> on this point, resolving a circuit split as to when the limitations period begins to run. In <u>Clay v. United States</u>, 537 U.S. 522, 524-25 (2003), the Supreme Court held that the limitation period runs from the expiration of the time to petition for a writ of certiorari, not from the date the appellate court rules.

Roberts had until October 30, 2002, to file a petition for certiorari. Therefore, Roberts had until October 30, 2003, to file his § 2255 petition. The petition is therefore not time-barred.

      B.    Roberts Does Not Establish Ineffective Assistance of Counsel.

Roberts alleges that he was prejudiced by his counsel's conflict of interest. Pet. at 5. Roberts claims that counsel failed to explore the possibility of a plea agreement. <u>Id.</u> Roberts further alleges that counsel failed to object to the type and quantity of the drugs charged, and that the purity of the drugs "was so high that it is chemically impossible to achieve." <u>Id.</u> Finally, Roberts alleges that counsel failed to argue that he was eligible for a downward departure as a minor participant. <u>Id.</u> at 6.

      1.    Roberts Validly Waived His Right to Conflict-Free Counsel.

Roberts signed a voluntary, knowing, and intelligent waiver of his Sixth Amendment right to conflict-free counsel.

See Ex. F.  Roberts was informed that one of his attorneys,
Halpern, had previously represented the individual who was paying
for Roberts's defense.  Id.  Roberts was informed of some of the
drawbacks of being represented by Halpern.  Id.  Roberts was
informed that he should seek advice from independent counsel
before agreeing to representation by Halpern.  Id.

Roberts acknowledges that he signed this waiver.  Pet.
at 5.  He does not in any way allege that the waiver was not
voluntary, knowing, or intelligent.  Id.  In the paragraph
acknowledging that he signed the waiver, Roberts does, however,
allege that his counsel did not advise him "of the ramifications
of not pleading guilty" and not cooperating with the Government.
Id.  First, this contention in no way goes to the validity of the
waiver.  Second, the allegation is baseless.  In two separate
sections of the waiver, Roberts was advised that if convicted he
would likely receive life imprisonment, but that cooperation
would likely reduce his sentence.  Ex. F at 1-2.  Roberts further
alleges that counsel told him "the case would be thrown out due
to the illegal search and seizure."  Pet. at 5.  However, in the
waiver Roberts explicitly acknowledged that the motions to
suppress "may not be successful and that I could be convicted and
sentenced to prison for the remainder of my life."  Ex. F.

The waiver states that Roberts understood a conflict
existed and that he agreed to maintain Halpern as counsel.  He

7

does not allege that this waiver was involuntary or unknowing.
He alleges no specific circumstances about himself or the facts
of the case that indicate that his waiver was invalid. <u>See</u>
<u>Martinez</u>, 143 F.3d at 1269.  Moreover, Roberts's prior experience
with the criminal justice system, including two prior narcotics
convictions, militates against viewing the waiver as invalid.
<u>See</u> <u>id.</u>  Even if the court indulges every reasonable presumption
against the validity of the waiver, Roberts has presented no
evidence to show that his waiver was invalid.

> 2.    Even if Roberts's Waiver Was Invalid, He Fails to
>       Show How Any Conflict Adversely Affected Counsel's
>       <u>Conduct.</u>

Even if the waiver was insufficient, Roberts has failed
to show that any conflict adversely affected him.  First, counsel
vigorously and effectively, though ultimately unsuccessfully,
argued a motion to suppress on three separate grounds. <u>See</u> Ex.
A.  Roberts fails to identify what else counsel could or should
have done in an effort to suppress the evidence against him.

Roberts does allege that counsel failed to arrange
meetings with the Government so that Roberts could seek to
cooperate.  Pet. at 5.  However, the record clearly reflects that
Roberts did meet with FBI officials in an effort to cooperate.
Ex. E at 5, 7.  The Government did not ultimately move for a
downward departure, because nothing materialized from the
information provided by Roberts. <u>Id.</u> at 7.  Though the

8

Government did not move for a downward departure, it did recommend the minimum sentence based on Roberts's attempt to cooperate. Id.

Roberts's final two allegations relate to counsel's conduct at sentencing. Roberts alleges that counsel failed to object to the type and quantity of the drugs attributed to him and that counsel failed to move for a downward departure. Pet. at 5-6. As an initial matter, Halpern was "no longer involved in this case" when Roberts was sentenced. Ex. E at 3; Pet. at 6. Klein was sole counsel at this stage of the proceedings. Ex. E at 3. Roberts has not alleged that Klein had any conflict of interest. Therefore, any allegations of ineffective assistance of counsel regarding Klein's conduct must be judged under the Strickland standard, not the Cuyler standard applicable when a conflict exists.[2]

Roberts alleges that the purity of the drugs seized "was so high that it is chemically impossible to achieve," and that counsel's failure to object on this point amounts to ineffective assistance. Pet. at 5. This allegation is unfounded. The presentence report demonstrated that the drugs seized ranged from 45 to 52 percent pure, well within chemical

---

[2] The ultimate standard is not determinative in this case. Though Roberts certainly cannot show that he was prejudiced by Klein's conduct at sentencing, as required by Strickland, he would also be unable to show that Klein's conduct was adversely affected by any conflict that had existed with Halpern, if one were to view the effects of the initial conflict as lingering beyond Halpern's direct involvement in the case.

possibility.  Any objection on the grounds suggested by Roberts
would have been wholly fruitless.

        Roberts further alleges that counsel's failure to move
for a downward departure as a minor participant amounts to
ineffective assistance.  Pet. at 6.  Roberts was, however,
ineligible for a downward departure, and any motion on that
ground would have been denied.  As explained by the court at
sentencing, Roberts would have been eligible for a downward
departure only if he qualified for the safety valve, or if the
Government moved for a downward departure.  Ex. E at 7.  Neither
circumstance applied, given Roberts's criminal history and the
Government's refusal to make a motion.  Id.  Under these
circumstances, defense counsel's failure to move for a downward
departure could not be said to have adversely affected Roberts or
caused him prejudice.

V.        CONCLUSION.

        For the foregoing reasons, the petition filed under 28
U.S.C. § 2255 to vacate, set aside, or correct sentence is
DENIED.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, January 7, 2004.


                        _____
                        SUSAN OKI MOLLWAY
                        UNITED STATES DISTRICT JUDGE


**Roberts v. United States**, Civ. No. 03-00586; ORDER DENYING
**PETITION FILED UNDER 28 U.S.C. § 2255.**